188 So.2d 264

**Harold WINSTON**

**v.**

**Helen WINSTON**

**6 Div. 211.**

Supreme Court of Alabama.

March 31, 1966.

Rehearing Denied June 23, 1966.

Rankin Fite and Arthur Fite, Hamilton, Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

Tweedy & Beech, Jasper, for appellee.

MERRILL, Justice.

This appeal is from a decree setting aside a decree of divorce and holding it to be void because the trial court did not have jurisdiction of the subject matter—the marital res.

This is the second appeal in the cause. In Winston v. Winston, 276 Ala. 303, 161 So.2d 588, we held that the demurrer to the bill in the nature of a bill of review on the grounds of laches and that complainant did not come into equity with clean hands was properly overruled. (The first appeal was taken prior to the amendment to Tit. 7, § 755, abolishing the right to appeal from certain interlocutory decrees in equity).

This is a "quickie" divorce case. Both the parties were residents of New York and had never been residents of Alabama.

Originally, the wife filed a bill for divorce in Winston County, alleging that she was a resident of Alabama, that her husband was a nonresident, and charging him with cruelty. Her husband filed an answer and waiver and the divorce was granted August 16, 1960.

This bill in the nature of a bill of review was filed by the wife, appellee, in May, 1961. She alleged that neither she nor her husband had ever been residents of Alabama, but were residents of New York; that the court in Alabama did not have jurisdiction; that she never received any benefits, money or property which her husband, a lawyer, had agreed to give to her; that she was a victim of coercion, fraud and duress in the filing and procurement of the divorce. Later, the bill was amended charging fraud separately from coercion and duress.

The husband's answer denied the material allegations of the bill, but did admit that

he was a practicing attorney in New York and that he was a resident of that state.

The decree of the trial court, setting aside the divorce decree on the ground that it was void, contained the following paragraph: "The Court further finds, however, that the Complainant wholly fails to sustain coerced, intimidated or black-mailed by her allegations in this cause that she was the Respondent into instituting the prior divorce proceedings."

We assume that this was the trial court's answer to her contention that sometime before July 22, 1960, her husband took some pictures of her in her bedroom in the nude and that he threatened to show the pictures if she did not file for divorce in Alabama, and that this blackmail was one of the reasons she consented.

■ We cannot agree with appellant's contention that the finding of the trial court was a finding that the husband was not guilty of fraud. Such a finding would not have been possible under the evidence. We list some of the evidence to show fraud on the part of appellant and his associates.

Prior to August, 1960, appellant had submitted two separate maintenance agreements to his wife for her approval but she had refused to sign them. On August 15, 1960, attorney Dick Herman, a close friend of appellant who practiced in New York City, called an attorney in Montgomery, Alabama, and made arrangements for appellant and appellee to see him about a divorce. The Winstons took an airplane from New York on the morning of the 16th and arrived in Montgomery about noon. Shortly, they were in the office of the Montgomery attorney. This attorney testified that he did not know where they came from, but did admit that he received a call from attorney Herman in New York City the previous afternoon.

The Montgomery attorney told Mrs. Winston that she needed an attorney and that he would get one for her. But he did not refer her to any attorney in Montgomery.

Rather, he had her sign a power of attorney authorizing a lawyer in Haleyville, Winston County, nearly two hundred miles from Montgomery, to represent her. The appellant signed his answer and waiver to the original bill of complaint in the office of the Montgomery attorney, who also signed the answer and waiver as appellant's counsel. The appellee signed her testimony to support the false allegations of the bill in the office of the Montgomery attorney, and a relative of the attorney took them to Haleyville by automobile that afternoon. So went the testimony, but the record, and the testimony of an employee in the register's office presents an odd feature to the case.

The bill for divorce, signed by the Haleyville lawyer, the signed waiver and answer, the sworn testimony of the complainant in support of the bill and the note of testimony were marked filed in the Winston County Court of Law and Equity on August 15, 1960, the day that the Winstons had been in New York and a day before they had even been in Alabama or had signed anything except their separation agreement, which also bore the date of August 15, 1960. And the divorce decree was dated August 16, 1960, the day that the Winstons arrived in Alabama.

It seems in passing strange that no attempt was made by appellant to explain this feature of the case. There was no cross examination of the employee from the register's office who testified as to the dates, and no attempt was made to secure an explanation from the Haleyville attorney or the register, even though the hearing was held in Winston County.

Here, the appellant was a practicing attorney in New York. He knew that neither he nor his wife were residents of Alabama. He made all the arrangements. He secured the plane reservations, took the Montgomery attorney for his counsel and had his wife sign a power of attorney to a lawyer to represent her whom she never saw, talked with or consulted in any

manner and who was selected by her husband's attorney. Appellant also paid all attorneys' fees, and he, not his wife, was learned in the law. He occupied a confidential relationship to her and he could not possibly have been ignorant that the arrangements were unusual and questionable.

Appellee testified that she still loved appellant; that she never regarded the divorce as being a divorce; that she had sexual relations with her husband in Montgomery after getting the divorce; that they went back to New York and lived together as man and wife for about six weeks. (We note that her attorney husband did not leave her until after the lapse of the thirty days in which the court could set aside its decree of its own motion).

On first appeal, Winston v. Winston, 276 Ala. 303, 161 So.2d 588, we said:

"When the parties to a divorce action are nonresidents of Alabama at the time the complaint is filed, they connot by consent confer jurisdiction on the trial court. Jennings v. Jennings, 251 Ala. 73, 36 So.2d 236, 3 A.L.R.2d 662; Gee v. Gee, 252 Ala. 103, 39 So.2d 406.

"And where both parties are nonresidents of this state at the time the suit is commenced, it is conclusive that a divorce decree granted to them is void for want of jurisdiction of the subject matter. Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725."

▮ Appellant argues that appellee is "estopped to question the decree's validity" unless fraud is proven or if she received substantial benefits in connection with the decree.

▮ Our case of Levine v. Levine, 262 Ala. 491, 80 So.2d 235, does hold that where the wife received $20,000 by the terms of the settlement agreement, which was made a part of and merged with the decree of divorce, and she did not tender to her husband any portion of the sum she had re-

ceived nor had she paid any portion of it into court or offered to do so, the wife's retention of the monetary benefits of the divorce decree, while seeking to have the decree nullified because the Alabama court did not have jurisdiction of the subject matter on account of both parties being nonresidents, she is precluded or estopped from having the divorce decree set aside in a bill in the nature of a bill of review. The *Levine* case also reiterated our rule that Alabama courts have no jurisdiction over the marital status of parties if neither is domiciled in Alabama, and such jurisdiction cannot be conferred on the courts, even with the parties' consent.

But the facts here are vastly different from those in *Levine*. While the separation agreement executed by the Winstons provided that the husband should pay her $2,000, transfer the registration and title papers to an automobile and give it to her, and renounced his claim to the furniture in the apartment where they had lived since their marriage, this did not happen and became part of the fraud. The husband did give a check for $2,000 to his lawyer friend Herman but the wife never received the $2,000. The husband failed to transfer the papers to the automobile and he took it back. There was no consideration for his renunciation to a claim on the furniture because the wife had furnished the apartment before their marriage and, when they were married, he merely moved into her apartment. There is no evidence of any substantial benefit received by the wife and there is no ground for estoppel under the holding in the *Levine* case.

▮ We have consistently held bills of review or bills of that nature good when it was shown that a fraud had been perpetrated on the court *and* a party. Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725, and cases there cited. We think there was ample evidence to show that a fraud was perpetrated on the court *and* a party. Each of the parties testified, without objection, to facts showing that the court

had no jurisdiction of the subject matter, the marital res; and the evidence set out in this opinion is convincing that a fraud was committed on the wife in the procurement of the divorce decree.

Appellant argues under the second assignment of error that, since the evidence shows that appellant remarried in December, 1960, his present wife should have been made a party to this action. We cannot agree.

■ The State is a silent party to divorce actions, public policy is involved and the integrity of the court's decrees are involved. Winston v. Winston, 276 Ala. 303, 161 So.2d 588; Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725.

■ A husband and wife are still married when a divorce between them is void and a marriage by either of them with another is void and of no effect. Cook v. Cook, 116 Vt. 374, 76 A.2d 593, 35 Am.Jur., Marriage, § 149; 27A C.J.S. Divorce § 182a., p. 767.

■ When a fraudulent divorce decree has been set aside, it reestablishes the relation as if that decree had not been rendered; and we have held that when a decree is vacated by bill in the nature of a bill of review, all claims of the parties which arose out of the decree are vacated, and this applies to persons holding under the parties. Torme v. Torme, 251 Ala. 521, 38 So.2d 497.

■ Appellant has cited no apt authority to support his contention that his second wife is a necessary party. The marital status of the parties to this suit cannot be dissolved legally by fraud perpetrated upon the court and upon the legal wife. It has been held that neither the second wife nor their child is a necessary party to a suit to set aside a void divorce. Tarr v. Tarr, 184 Va. 443, 35 S.E.2d 401. See Vanness v. Vanness, 128 Ark. 543, 194 S.W. 498; Sampson v. Sampson, 223 Mass. 451, 112 N.E. 84; Turner v. Williams,

202 Mass. 500, 89 N.E. 110, 24 L.R.A., N.S., 1199, 132 Am.St.Rep. 511; Holmes v. Holmes, 63 Me. 420, 27A C.J.S. Divorce § 172b., p. 701.

We think it only fair to make two observations:

(1) None of the attorneys listed on briefs for appellant are listed as being present when this cause was heard in the Winston County Court of Law and Equity.

(2) We judicially know that the "Montgomery attorney" who represented the appellant in the original divorce case and the "Haleyville attorney" who represented appellee in that action, both surrendered their licenses to practice law to this court on December 31, 1964, because of their activity in handling "quickie" divorces.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.