RUSSELL, Judge.
On April 26, 1989, Pauline Yates (wife) filed an action for divorce in the Circuit Court of St. Clair County, alleging incompatibility of temperament. In response Joe A. Yates (husband) filed an answer, along with a counterclaim for divorce on the same grounds as those asserted by the wife.
Testimony was taken on September 1, 1989, and on October 23, 1989, the circuit court entered a divorce decree divorcing the parties, awarding joint custody of the parties’ two minor children, providing that the husband pay child support, and ordering a division of the marital property.
On November 20, 1989, the wife filed a motion to alter, amend, or vacate the circuit court’s judgment. The circuit court partially granted the wife’s motion, allowing further evidence to be presented regarding the issues of child custody and the division of personal property and household furnishings. The circuit court stated, however, that it would allow “no further testimony concerning the property or assets of the marriage or property settlement or any other financial information.”
Following two subsequent hearings, the circuit court, on May 15, 1990, entered a final order of divorce, in which it again awarded joint legal and physical custody of the children. It further ordered the wife to submit to the court two lists of household furnishings of equal value. The husband was then permitted to select either list as the property to be awarded to him. Finally, the court stated that all other provisions of the October 23, 1989, decree would remain intact.
Following the denial of the wife's motion to alter, amend, or vacate the judgment of May 15, 1990, an appeal was filed in this court. We affirm.
Initially, we note that, when testimony is presented ore tenus, there is a strong presumption that the trial court’s ruling is correct regarding an award of custody. Turquitt v. Turquitt, 506 So.2d 1014 (Ala.Civ.App.1987). In awarding custody, the controlling consideration is the welfare and best interests of the children. Shepherd v. Shepherd, 531 So.2d 668 (Ala.Civ.App.1988). Furthermore, because the trial court is in a unique position to observe and to hear the evidence, this court will not reverse on appeal unless the ruling is so unsupported by the evidence that it constitutes an abuse of discretion and, therefore, is plainly and palpably wrong. Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App.1985).
As regards the trial court’s discretion in the division of marital property, we note that an equivalent presumption of correctness attaches to such an award, and again the trial court will not be reversed absent an abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986).
The wife first asserts that the circuit court was without jurisdiction to enter a decree divorcing the parties. She contends that neither party presented sufficient evidence of residency in order to invoke the jurisdiction of the court. We disagree.
She bases her contention on § 30-2-5, Ala.Code 1975, which provides:
“When the defendant is a non-resident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved.”
It is well settled that residency for the purposes of Alabama’s divorce statute means domicile. Webster v. Webster, 517 So.2d 5 (Ala.Civ.App.1987). Here, both the wife’s complaint for divorce and the husband’s counterclaim aver that the wife is a resident of St. Clair County and that she has been so for a period greater than six months. Moreover, both the complaint and counterclaim aver that the husband is a resident of the State of Alabama.
*209 Consequently, since the husband was domiciled within the state, he is not a nonresident; therefore, the wife’s contention that § 30-2-5 applies is in error. As a result, we find that there was sufficient evidence in the record for the circuit court to conclude that it properly had jurisdiction over this matter.
The wife next asserts that the circuit court erred in' granting a divorce on the grounds of incompatibility due to an insufficiency of evidence to support such a conclusion. The circuit court, however, heard testimony regarding the alleged abuse of the wife by the husband, as well as allegations by the wife that the husband posed a threat to the children’s mental and physical health.
In view of the attendant presumption of correctness that attaches to judgments based on ore tenus evidence, we cannot conclude from the record that the circuit court erred in concluding that there existed between the parties such a complete incompatibility of temperament so as to warrant a divorce.
The wife next contends that the circuit court erred in awarding joint custody of the parties’ two minor children. We note, however, that the circuit court had ample evidence before it on which it could conclude that both parties are fit and proper persons to have custody of the children. The evidence revealed that both parents shared in the care and rearing of the children.
While we recognize that such factors as the ability of the parents to cooperate in rearing their children should be considered when making an award of joint custody, we cannot, in this instance, conclude that such an award is not in the best interests of the children. Therefore, we find no abuse by the circuit court in awarding such custody.
The wife also contends that the circuit court had no evidence before it on which it could determine the proper award of child support payments to be paid by the husband. The record, however, contains financial statements from both parties, as well as a completed child support guideline form and a child support income statement affidavit. Clearly, the needs of the children and the ability of each parent to meet those needs are considered when applying the child support guidelines. Therefore, we disagree with the wife’s contention that there was no evidence on which the circuit court could base its award of child support.
Finally, the wife contends that the circuit court erred in requiring her to submit two lists of property, equal in value, and then to permit the husband to select one of those lists as the property to be awarded to him. We disagree. Here the circuit court, recognizing the inability of the parties to reach an equitable agreement on the division of the marital property, permitted the wife to valúate and divide the property as she saw fit. The court did not, as the wife contends, divest itself of authority to make such an award of marital property, but rather acted within its discretion to reach the fairest and most equitable division possible. Consequently, we find no abuse by the circuit court in doing so.
In view of the above, we find that the decision of the circuit court is due to be affirmed.
The husband has requested an attorney’s fee for representation on appeal. A fee of $500 is hereby granted.
AFFIRMED.
ROBERTSON, J., concurs.
INGRAM, P.J., not sitting.