THIGPEN, Judge.
This is a divorce case.
In April 1992, Farrisa Jones Butler (wife) filed a complaint seeking a divorce from Robert Steven Butler (husband), alleging that the husband was a resident of Houston County, Alabama, and that the wife was a resident of San Benito, Texas. The trial court entered an order in May 1992, enjoining the husband from disposing of assets during the pendency of the divorce action. Following a heainng, at which the husband failed to appeal-, the trial court ordered the husband to pay the wife $1,500 per month in pendente lite support.
In July 1992, the husband moved to dismiss the action for lack of jurisdiction, averring that he was a Tennessee resident. The trial court denied the husband’s motion on August 3, 1992. The trial court divorced the parties in September 1992, and, inter alia, it awarded the wife $1,000 per month in periodic alimony and it divided the property. The husband’s post-judgment motion was denied and he appeals.
The husband contends that the trial court lacked jurisdiction in the case, that the trial court abused its discretion in entering a default divorce judgment against the husband, and that the trial court erred in refusing to set aside the default judgment. The husband’s primary contention is that neither party was a resident of Alabama, and, therefore, that the Alabama court was without jurisdiction to proceed in the action.
The husband relies on Ala.Code 1975, § 30-2-5, which states that “[wjhen the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved.” It is undisputed that the wife is a non-resident of Alabama.
If one party is a resident of Alabama, then an Alabama court has jurisdiction over the marital res. Sachs v. Sachs, 278 Ala. 464, 179 So.2d 46 (1965). If both parties are nonresidents, an Alabama court has no jurisdiction. Winston v. Winston, 279 Ala. 534, 188 So.2d 264 (1966). Further, nonresident parties cannot stipulate that an Alabama court may assume jurisdiction over the case. Winston, supra.
The wife’s complaint asserts that the parties were married in June 1985 and that she was a resident of Texas when she filed for divorce. Although the wife’s complaint alleges that the husband “has resided in Alabama for more than six months immediately preceding the filing of the suit,” the husband asserts that he is an attorney who resides and works in Memphis, Tennessee, that he owns a home in Tennessee, that he is a registered voter in Tennessee, and that he possesses a Tennessee driver’s license. Although there is information that the husband has business contacts in Dothan, Alabama, there is nothing in the record to show that he is domiciled in Alabama except the bare, unsupported allegation in the wife’s complaint for divorce.
Residency is a mixed question of law and fact, depending largely upon the bona fide intention of the party, and mere allegations are not enough. Kilpatrick v. Kilpatrick, 579 So.2d 1385 (Ala.Civ.App.1991). The record is simply devoid of any evidence to indicate that either party is an Alabama resident, and it appears that the courts of Alabama have no jurisdiction to enter a divorce. Winston, supra.
We cannot ascertain from the record whether a hearing was held on the husband’s motion to dismiss for lack of jurisdiction or whether the motion was denied because the husband failed to appear at the motion hearing. The husband’s motion was denied by entry in the case action summary, “Motion to dismiss denied.” We have carefully and thoroughly examined the entire record on appeal. There is simply nothing in the record to rebut the husband’s assertions regarding non-residency, which he raised numerous times, including in his answer and post-judgment motion, nor is there anything in the record to reveal whether the trial court con *274 sidered the issue of jurisdiction. The wife’s mere allegations regarding the husband’s domicile are totally unsubstantiated, and even after the husband answered, asserting that he was not an Alabama resident, the wife failed to offer anything to support her bare allegations. There is simply no credible evidence in the record to support the trial court’s jurisdiction, based upon the husband’s Alabama residency.
When an Alabama court lacks jurisdiction, its judgment is void. Harville v. Harville, 568 So.2d 1239 (Ala.Civ.App.1990). The husband’s post-judgment motion, requesting that the divorce judgment be set aside pursuant to Rule 55(c) or Rule 60(b), A.R.Civ.P., was denied on the same day as filed, without the court’s acknowledging his request for a hearing. Rule 60(b)(4), A.R.Civ.P., provides for relief from a void judgment. When a divorce judgment is void for lack of jurisdiction, a trial court must set the judgment aside. Smith v. Clark, 468 So.2d 138 (Ala.1985). Failure to do so constitutes reversible error. Accordingly, this case is reversed and the cause remanded for the trial court to enter an order setting aside its divorce judgment. The trial court may then either dismiss the action or conduct further proceedings regarding the jurisdiction issue.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.