697 So.2d 54 (1997)
Neal ANDREWS, Jr.
v.
Carolyn S. ANDREWS.
2951322.
Court of Civil Appeals of Alabama.
January 17, 1997.
Rehearing Denied March 28, 1997.
Certiorari Dismissed April 21, 1997.
Larry W. Morris of Morris, Haynes, Ingram & Hornsby, Alexander City; and Frank M. Bainbridge of Bainbridge, Mims, Rogers & Smith, Birmingham, for Appellant.
Stephen R. Arnold, Birmingham, for Appellee.
Alabama Supreme Court 1961062.
PER CURIAM.
Neal Andrews, Jr., appeals from the judgment of the Jefferson County Circuit Court *55 dismissing his complaint for divorce from Carolyn S. Andrews for lack of subject matter jurisdiction. We reverse and remand.
The husband filed this action on March 22, 1996, after having been served with a complaint filed by the wife in a Florida court.[1] In his complaint, the husband alleged that both he and the wife had been residents of Alabama for more than six months before its filing. In response, the wife entered a special appearance to contest jurisdiction, averring that she is a citizen of Florida and that the husband's allegation that he has been a resident citizen of the state of Alabama for six months was false. The trial court heard testimony from the parties and various witnesses concerning the parties' residence, and later entered a judgment dismissing the case on jurisdictional grounds. The trial court based its judgment of dismissal on its finding that the husband had not been a bona fide resident citizen of Alabama for the six months preceding the filing of his complaint.
The husband contends that the trial court erred in concluding that he was not a resident of Alabama for six months prior to filing his complaint. He does not, on appeal, address the issue of the wife's residency.
The record reveals that the husband is a man of some means, possessing several homes in Alabama and one in Palm Beach, Florida. The parties were married in 1973 and resided in Alabama until 1986, when the parties took steps to establish their primary residence in Palm Beach, Florida, because of perceived tax advantages. The husband filed a declaration of domicile with Florida authorities and changed his tax and electoral addresses of record. The wife was instructed to mark a calendar in an effort to ensure that the family spent at least six months in Florida each year to comply with perceived tax requirements. The husband testified that it was his intention to become domiciled in Florida during this period.[2] Nevertheless, the husband and wife and their two children spent all holidays and summers in Birmingham, Alabama, and left substantially all family personal effects such as china and photographs in Alabama.
After living in Florida for some time, the parties' children and the husband resumed living in Alabama during the school term, as well as holidays and summers, while the wife voluntarily remained in Florida during the winter (partially because of various health problems). The husband operated his business out of his Alabama office for the duration of the marriage, although he traveled with his sons by airplane to Florida on weekends.
By 1995, the tax considerations relied upon by the husband in changing his domicile had significantly altered. The husband's tax attorney informed him at or before the time of his signing of income tax forms in April of that year that it would be less advantageous for him to be a Florida resident than to be an Alabama resident. Additionally, in 1994 the husband assumed virtual custody of his 86-year-old mother, an invalid with advanced glaucoma, and purchased and modified a house directly across the street from his primary Alabama residence so that he could more closely direct her care.
In September 1995, the husband told the wife that it would be "impossible" for him to consider living in Florida at that time. Notably, the wife voiced no objections to the husband's abandonment of his Florida residency status. Thus, for the six consecutive months from September 1995 through March 1996, the husband resided in Alabama, spending only about four weeks in Florida. During the same period, the wife and the parties' youngest son spent approximately four weeks outside of Florida.
We now consider the merits of the husband's appeal based upon the effect of the provisions of § 30-2-5, Ala.Code 1975, which states:

*56 "When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved."
Under Alabama law, the requirement of "residency" with respect to the above statute has been construed to mean that one's "domicile" must have been in Alabama for the preceding six months. Gee v. Gee, 252 Ala. 103, 105, 39 So.2d 406, 408 (1949); Seymour v. Seymour, 597 So.2d 1368, 1369 (Ala.Civ.App.1992). Moreover, this distinction is not without substance, for a person (such as the husband here) may simultaneously have several "residences" but is deemed under the law to have only one "domicile". State Farm Mut. Auto. Ins. Co. v. Hanna, 277 Ala. 32, 37, 166 So.2d 872, 876 (1964).
We note that the trial court's determination in this matter is based in part upon oral testimony. In such a case we have historically presumed its judgment to be correct and have stated that we will not set its judgment aside on appeal unless it is "so contrary to the great weight of the evidence as to be palpably wrong." Chavis v. Chavis, 394 So.2d 54, 55 (Ala.Civ.App.1981). However, this presumption of correctness does not apply when the trial court has misapplied the law to its findings of fact. DeWitt v. Stevens, 598 So.2d 849, 850 (Ala.1992).
Domicile is an abstract concept. Rabren v. Mudd, 285 Ala. 531, 535, 234 So.2d 549, 553 (1970). Alabama decisions hold that domicile requires two elements: (1) one's physical presence in the chosen place of residence, and (2) an accompanying intent to remain there, either permanently or for an indefinite length of time. Id.; Basiouny v. Basiouny, 445 So.2d 916, 919 (Ala.Civ.App. 1984). In other words, "domicile" is that place where one has his or her true, fixed, and permanent home and principal establishment, and to which, whenever one is absent, he or she has an intent to return. State ex rel. Rabren v. Baxter, 46 Ala.App. 134, 138, 239 So.2d 206, 209 (Civ.App.), cert. denied, 286 Ala. 732, 239 So.2d 214 (1970). Thus, we consider whether the husband in this case was physically present in Alabama for the six months preceding the filing of this action, and if so, whether he had an intent to return to Alabama, whether permanently or indefinitely, whenever he was absent.
The record establishes that the husband was physically present and residing in Alabama during the six-month period preceding March 22, 1996.
"The word `residing' is an ambiguous, elastic, or relative term, and includes a very temporary, as well as a permanent, abode. It means a dwelling place for the time being, as distinguished from a mere temporary locality of existence. It indicates some intent of permanency of occupation as distinguished from boarding or lodging, but does not require the intent of permanency to the degree required in domicile."
Hanna, 277 Ala. at 37, 166 So.2d at 876 (citations omitted). In this respect, we note that the husband had owned the family dwelling in Alabama since at least 1976 and that no one testified that the husband was physically residing in Florida during the period from September 1995 onward. In fact, a number of witnesses affirmatively stated that the husband was "living in" Birmingham during this period. Accordingly, the husband fulfills the first part of the test for determining Alabama domicile under § 30-2-5, that of physical presence.
As to the element of intent to return to Alabama, we note that "[t]he intention to return is usually of controlling importance in the determination of the whole question [of domicile]." Jacobs v. Ryals, 401 So.2d 776, 778 (Ala.1981). Further, "[t]he fact that a person lives at a particular place creates a prima facie presumption that such place is his domicile." Nora v. Nora, 494 So.2d 16, 18 (Ala.1986); see also 25 Am.Jur.2d Domicil § 56 (1996) (proof that a party resides elsewhere rebuts any presumption of continued domicile and places burden of proof upon the party denying the change). The husband's proof that he lived in Birmingham for the six months before the complaint was filed thus created a presumption that his domicile had reverted to the Alabama family home. The record reveals that the husband spent only four weeks in Florida visiting the wife and his child during the six-month period before March 22, 1996, returning on each occasion *57 to Alabama immediately thereafter.[3] The wife's proof consisted only of evidence that the husband still carried a Florida driver's license at the time of the hearing, and that litigation had begun before he changed his Birmingham country club membership statuses, voting locale, and tax information. These matters do not rebut the presumption that the husband's resumption of residence in the family home in Alabama effected a change in his domicile. At most, they show only an inertial delay in notifying various authorities of his changed residence.
After reviewing the applicable legal principles and the evidence before the trial court in this particular case, we conclude that the trial court misapplied the law to the facts. We therefore reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
I disagree with the majority's conclusion that the trial court misapplied the law to the facts. I conclude that the trial court correctly held that it did not have subject matter jurisdiction over the divorce action because the husband did not satisfy the residency requirements of Ala.Code 1975, § 30-2-5. Therefore, I must respectfully dissent.
The majority holds that the husband conclusively proved that Alabama had been his domicile for six months before he filed the divorce action in Alabama. The majority then concludes that the trial court erred, as a matter of law, in ruling that Alabama had not been the husband's domicile for six months before he filed the divorce action in Alabama. After reviewing the record, I conclude that the evidence is conflicting as to the husband's domicile for the six-month period in question and that the trial court simply resolved the conflicting evidence, which is the duty of the trial court. Jones v. LeFlore, 421 So.2d 1287 (Ala.Civ.App.1982). Additionally, the trial court's exclusion of the husband's testimony regarding his intent to change his domicile is harmless error because other admissible evidence supports the trial court's judgment. Rule 45, A.R.App.P.
The husband testified that he lived in Birmingham, Alabama, for the six months before the divorce. The wife testified that the husband spent much of that time in Palm Beach, Florida, where she resides. The husband testified that he spent only 20% of those six months in Florida. The evidence is undisputed that at the time of filing the divorce action, the husband had a Florida driver's license, was registered to vote in Florida, had a nonresident status for a Birmingham social club, and had claimed a Florida, not Alabama, homestead exemption. The husband also listed his residence as Florida on a private school application in September 1995 for his youngest child.
The majority states that the above facts only show a delay in the husband's notification of his intention to change his domicile from Florida to Alabama; however, I conclude that the trial court could properly conclude that those facts reveal that the husband did not change his domicile, and I would affirm the trial court's judgment.
NOTES
[1] Service of process in the Florida action was later quashed by order of the issuing court.
[2] Although the trial court excluded this evidence and other testimony of the husband on the stated basis of "undisclosed mental operation", we note that this ground for objection is no longer a valid basis for exclusion of such evidence under Alabama law (Ala. R. Evid.803(3); Starr v. Starr, 293 Ala. 204, 210, 301 So.2d 78, 82-83 (1974)), and we have considered it.
[3] Temporary absence from one's domicile does not effect a change in domicile when there is an intent to return to that domicile. Jacobs, supra.