BRYAN, Judge.
Tabitha Jayne Orban (“the wife”) appeals from a judgment of the Coffee Circuit Court (“the trial court”) that divorced her from Aaron Lawrence Orban (“the husband”). We remand the cause for further proceedings.
The record reveals the following pertinent facts. The husband joined the military in 1992, and the husband and the wife were married in Las Vegas, Nevada, in 1996. The record indicates that the parties moved from Alaska to Enterprise in 2007 when the husband was stationed at Fort Rucker for flight school. The parties purchased a house in Enterprise in approximately July 2008, and they put the house on the market for sale in July or August 2009. On September 1, 2009, the husband was transferred to Fort Campbell, Kentucky, and he began renting a room from his cousin who lived near Fort Campbell, in Clarksville, Tennessee, at *526 that time. The record indicates that the wife and the parties’ two children remained in Enterprise until February 6, 2010. At that time, the wife obtained a moving truck and moved herself and the children to Mary Esther, Florida. The husband filed a complaint for a divorce in the trial court on March 17, 2010, more than six months after he had been transferred to Fort Campbell and almost six weeks after the wife and the children had moved to Florida. In his complaint, the husband alleged that he and the wife were “bona fide resident citizens of the State of Alabama.”
In July 2010, the wife filed a motion to dismiss the complaint filed by the husband because, she alleged, the trial court lacked personal jurisdiction over her and lacked subject-matter jurisdiction over the divorce action. The wife alleged, among other things, that neither the parties nor their children resided in Enterprise. The husband filed a response to the motion, conceding only that venue was improper in Coffee County, and he subsequently filed a motion to transfer the divorce action to Dale County. On May 5, 2011, the parties appeared before the trial court for a hearing on the wife’s motion to dismiss. The record does not contain a transcript of that proceeding, and there is no indication that evidence was presented at that proceeding. On the same date, the trial court entered an order that stated that the parties had submitted to jurisdiction of the trial court, that they had agreed that the venue was proper in the trial court, and that they had withdrawn their respective motions addressed to those issues. The wife subsequently filed an answer to the husband’s complaint wherein she admitted that she and the husband were “bona fide resident citizens of the State of Alabama.” The wife also filed a counterclaim for a divorce on June 6, 2011.
The trial court conducted an ore tenus proceeding in December 2011. The husband testified that, at that time, he was still residing in Clarksville, where he had moved after two years of flight school at Fort Rucker. He stated that he had not been on “TDY”[1] since he joined the Army in 2007[2] and that he had no plans to keep the parties’ house in Enterprise. It was undisputed that the wife and the children had moved to Florida approximately six weeks before the husband filed the divorce complaint in March 2010. The wife testified that she had obtained a rental home in Florida, that she had sought employment in Florida immediately after she arrived, and that she had enrolled the older child in school in Florida. There is no indication in the record that the wife intended to move back to Enterprise. The trial court entered a judgment divorcing the parties on December 16, 2012, that divided the parties’ property and addressed child-custody and support issues. After the trial court denied the wife’s postjudgment motion, the wife filed a timely appeal.
Based on our review of the entire record on appeal, we are unable to conclude with certainty that the trial court had subject-matter jurisdiction to divorce the parties, despite the parties’ agreement to submit themselves to the trial court’s jurisdiction.
“If one party is a resident of Alabama, then an Alabama court has jurisdiction over the marital res. Sachs v. Sachs, 278 Ala. 464, 179 So.2d 46 (1965). If *527 both parties are nonresidents, an Alabama court has no jurisdiction. Winston v. Winston, 279 Ala. 534, 188 So.2d 264 (1966). Further, nonresident parties cannot stipulate that an Alabama court may assume jurisdiction over the case. Winston, supra.”
Butler v. Butler, 641 So.2d 272, 278 (Ala.Civ.App.1993). For purposes of subject-matter jurisdiction in a divorce action, residency means domicile. Livermore v. Livermore, 822 So.2d 437, 441-42 (Ala.Civ.App.2001). In the present case, it is not clear that either party was domiciled in the State of Alabama at the time that the husband filed a complaint for a divorce on March 17, 2010.
“Alabama decisions hold that domicile requires two elements: (1) one’s physical presence in the chosen place of residence, and (2) an accompanying intent to remain there, either permanently or for an indefinite length of time. [Rabren v. Mudd, 285 Ala. 531, 535, 234 So.2d 549, 553 (1970) ]; Basiouny v. Basiouny, 445 So.2d 916, 919 (Ala.Civ.App.1984). It has been said that ‘domicile’ is that place to which, whenever one is absent, he or she has an intent to return. State ex rel. Rabren v. Baxter, 46 Ala.App. 134, 138, 239 So.2d 206, 209 (Civ.App.1970). When a party physically resides in one location, ‘ “[t]he intention to return [to another location] is usually of controlling importance in the determination of the whole question [of domicile].” ’ Andrews v. Andrews, 697 So.2d 54, 56 (Ala.Civ.App.1997) (quoting Jacobs v. Ryals, 401 So.2d 776, 778 (Ala.1981)).
“Furthermore, the burden is on the party who lives at a particular place to prove that he or she does not intend to remain there for an indefinite length of time, or that he or she has a present intention to return to some previous place of residence. In this regard, our Supreme Court has stated that ‘ “[t]he fact that a person lives at a particular place creates a prima facie presumption that such place is his domicile.” ’ Andrews, 697 So.2d at 56 (quoting Nora v. Nora, 494 So.2d 16, 18 (Ala.1986)); see also 25 Am.Jur.2d Domicilfe] § 56 (1996) (proof that a party resides elsewhere rebuts any presumption of continued domicile and places burden of proof upon the party denying the charge).”
Id. at 442 (emphasis added).
At the ore tenus hearing in December 2011, the husband stated he had been living in Clarksville since September 2009 and the wife stated that she had been living in Mary Esther since February 2010. Thus, at the time the husband filed a complaint for a divorce in March 2010, prima facie presumptions existed that the husband was domiciled in Tennessee and that the wife was domiciled in Florida. Neither the husband nor the wife presented evidence to rebut those presumptions. See Nora v. Nora, 494 So.2d 16, 18 (Ala.1986) (“The presumption [that the place where a person lives is his or her domicile] is rebuttable by facts to the contrary.”).[3]
“Alabama courts have no jurisdiction over the marital status of parties if *528 neither is domiciled in Alabama, and such jurisdiction cannot be conferred on the courts, even with the parties’ consent.” Winston v. Winston, 279 Ala. 534, 587, 188 So.2d 264, 267 (1966). After a review of the entirety of the record in this matter, we are unable to conclude with certainty that the trial court had subject-matter jurisdiction to divorce the parties. Accordingly, we remand the cause with instructions to the trial court to conduct a hearing and to receive evidence regarding the domicile of each party as of March 17, 2010.[4]
Both parties’ request for an attorney fee on appeal is denied at this time.
REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Although ‘‘TDY” was not defined by the husband in the record on appeal, in military parlance it typically refers to "temporary duty.”

. The record indicates that the husband initially served in a different branch of the military before he joined the Army in 2007.

. We note that Ala.Code 1975, § 6-7-20(a), provides:
"Any person in any branch or service of the government of the United States of America, including those in the military, air and naval service, and the husband or wife of any such person, if he or she is living within the borders of the State of Alabama, shall be deemed to be a resident of the State of Alabama for the purpose of commencing any civil action in the courts of this state.”
(Emphasis added.)
The record revealed without dispute that neither the husband nor the wife was living within the borders of the State of Alabama at the time the husband initiated the divorce action.

. We note that if the trial court determines that the wife was not domiciled in Alabama at the time that the husband filed his complaint for a divorce, the husband must “alleged ... and prove[]” that he was a “bona fide resident of this state for six months next before the filing of the complaint_" § 30-2-5, Ala.Code 1975 (emphasis added); and Skieff v. Cole-Skieff, 884 So.2d 880, 883-84 (Ala.Civ.App.2003).
After considering the evidence received on remand, the trial court should also consider whether it has subject-matter jurisdiction to enter an initial custody award pursuant to § 30-3B-201, Ala.Code 1975, which is part of the Uniform Child Custody Jurisdiction and Enforcement Act, § 30-3B-101 et seq., Ala. Code 1975, or to enter an initial child-support award pursuant to § 30-3A-401, Ala.Code 1975, which is part of the Uniform Interstate Family Support Act, § 30-3A-101 et seq., Ala. Code 1975. See, e.g., Ex parte Pierce, 50 So.3d 447, 450-56 (Ala.Civ.App.2010) (applying § 30-3B-201), and Fuller v. Fuller, 93 So.3d 961, 966-67 (Ala.Civ.App.2012) (applying § 30-3A-401).