**In re the MARRIAGE OF Winifred K. BARNES, Appellant and Cross–Appellee,**

**and**

**Donald A. Barnes, Appellee and Cross–Appellant.**

No. 93CA1105.

Colorado Court of Appeals, Div. II.

May 4, 1995.

Rehearing Denied June 8, 1995.

Certiorari Denied Dec. 4, 1995.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

Jeffrey R. Edelman, P.C., Jeffrey R. Edelman, Denver, for appellant and cross-appellee.

Donald A. Barnes, pro se.

Opinion by Judge CRISWELL.

In this child custody action, Winifred K. Barnes (wife) and Donald A. Barnes (husband) each appeal various orders of the trial court. We affirm in part and reverse in part.

In 1991, husband and wife, who had been longtime residents of Colorado, moved to Virginia after husband accepted a job offer there. They sold their residence here and purchased a home in Virginia. Within several weeks, however, wife became unhappy with her new situation and contacted a Colorado attorney. Without husband's knowledge or consent, wife removed their three children from school and brought them to Colorado.

On October 8, 1991, shortly before their arrival here, wife's counsel filed a petition for dissolution of marriage, which contained the allegation that wife and the children were residents of Colorado. Husband was unaware of this petition until he was served some three weeks later.

On October 11, husband filed a custody petition in Virginia; he later filed a divorce action there as well. The Virginia court eventually entered a divorce decree and decided all issues relating to property settlement, child support, and maintenance.

The Virginia court, upon learning of the petition for dissolution filed with the trial court and of that court's exercise of custody jurisdiction under that petition, stayed its action on the custody issue because of the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA), § 14–13–101, et seq., C.R.S. (1987 Repl.Vol. 6B). The Virginia court's stay order, however, also provided that, should the Colorado court refuse to exercise jurisdiction over wife's dissolution petition, the custody issue "may be brought forward for appropriate hearing and adjudication."

On October 17, some six days after father filed his custody petition in Virginia, wife filed a "Petition for Custody under the Uniform Child Custody Jurisdiction Act" in which it was asserted that Colorado was the "home state" of the children because they had resided here since the dates of their births.

Husband filed a motion to dismiss the dissolution petition on the ground that the trial court lacked jurisdiction over the subject matter of the controversy. That motion was based on allegations that neither wife nor he had been domiciled in this state for more than ninety days, as required by § 14–10–106(1)(a)(I), C.R.S. (1987 Repl.Vol. 6B), and that neither the children, wife, nor husband was either a domiciliary of, or physically present in, this state when the petition for dissolution was filed.

The trial court agreed that it had no jurisdiction to grant any relief under the Uniform Dissolution of Marriage Act (UDMA), and to the extent that wife's petition requested a decree dissolving the marriage, dividing marital property, establishing the level of child support, or granting other relief ancillary to a decree of dissolution, it lacked subject matter jurisdiction over the controversy. However, because it concluded that Colorado was the "home state" of the children within the meaning of § 14–13–104(1)(a), C.R.S. (1987 Repl.Vol. 6B) of the UCCJA, it determined that it could consider wife's October 8 petition for dissolution to be a petition for custody and that it could exercise jurisdiction to enter temporary and permanent custody and visitation orders.

The custody proceedings then continued before the trial court for some three years, until husband and wife entered into a stipulation with respect to the issues of custody and visitation. In the body of this stipulation, both parties acknowledged that there was a dispute with respect to the court's jurisdiction over the issues presented by this controversy. Hence, they both agreed that the execution by them of the stipulation was "with the express understanding that neither party is waiving his or her rights to pursue any and all remedies regarding said jurisdictional issues or any defenses thereon...."

The trial court approved that stipulation. In addition, it also entered an order, based upon a further and separate agreement between the parties, requiring husband to pay a portion of the fees charged by the custody evaluator and the children's guardian ad litem.

On appeal, wife contests the court's refusal to award her temporary support and attorney fees. Husband challenges the trial court's exercise of jurisdiction over custody, contests the order requiring him to pay the guardian's fees, and argues that he is entitled to an award of attorney fees on the ground that wife's actions in the trial court and on this appeal lacked substantial justification.

## I.

Wife contends that the trial court erred in not awarding her attorney fees and tempo-rary support for the period before Virginia's award of permanent support. We disagree.

The trial court dismissed this action insofar as it requested dissolution under the UDMA on the grounds of lack of jurisdiction. Wife does not challenge the correctness of that decision.

■■■ The UCCJA, under which the trial court purported to act, contains no provisions authorizing a trial court to award child support; likewise, it cannot award fees other than as a punitive measure for litigation misconduct. Hence, the court was without authority to make any such awards.

## II.

In his cross-appeal, husband first contends that the trial court erred in exercising any jurisdiction under wife's dissolution petition. We agree.

■■■ Section 14–10–123, C.R.S. (1987 Repl.Vol. 6B) of the UDMA provides that a parent may commence a "child custody proceeding" under that act either by filing a petition for dissolution or by filing a petition seeking custody of the child. However, to file a dissolution petition, the parent or the other spouse must have been a resident of this state for more than 90 days before the action is commenced. Section 14–10–106, C.R.S. (1984 Repl.Vol. 6B). Such circumstance did not exist here.

Further, any separate petition for custody must be filed "in the county where the child is permanently resident or where he is found." Section 14–10–123(1)(a)(II), C.R.S. (1987 Repl.Vol. 6B). And, the children here were neither residents of, nor physically present in, this state when wife filed her petition for dissolution. Hence, even if her petition for dissolution could be considered a petition for custody under § 14–10–123(1)(a)(II), it did not meet the requirements of that statute.

We conclude, therefore, that, whether wife's first petition is looked upon as a petition for dissolution or a petition for custody, the trial court lacked jurisdiction under the UDMA to act upon it.

We will assume, however, that a petition for custody may also be filed based solely upon § 14–13–104(1), C.R.S. (1987 Repl.Vol. 6B) of the UCCJA which sets forth four instances in which the courts of this state have "jurisdiction to make a child custody determination." Indeed, it would appear that wife's second petition, filed after the Virginia proceedings had been commenced, was intended to have the court exercise the jurisdiction granted by this statute.

That petition, however, relied solely upon § 14–13–104(1)(a), C.R.S. (1987 Repl.Vol. 6B) of the UCCJA, and in exercising its jurisdiction, the trial court rested its authority entirely upon those provisions. That statute authorizes the assertion of jurisdiction if Colorado is the child's "home state," or if this state "had been the child's home state within six months" before the proceedings were commenced, *and* "the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons," *and* "a parent or person acting as parent continues to live in this state." For this purpose, a child's "home state" is the one in which the child lived with his or her parents at least six months immediately preceding "the time involved," periods of "temporary absence" from the state to be counted as a part of the six-month period. Section 14–13–103(5), C.R.S. (1987 Repl.Vol. 6B).

■ Here, it is undisputed that husband, wife, and the children had all ceased their Colorado residency and had become permanent residents of Virginia at least five weeks (and perhaps longer) before wife filed her petition for custody. Such permanent change of residency cannot be looked upon as a mere "temporary absence" under § 14–13–103(5). *Walt v. Walt,* 574 So.2d 205 (Fla. App.1991); *Davis v. Davis,* 799 S.W.2d 127 (Mo.App.1990). And, because neither parent had continued to live in this state, Colorado could not be considered to be the children's home state at the time of the filing of wife's petition.

Hence, the court here could not exercise its jurisdiction under § 14–13–104(1)(a) of the UCCJA, based upon Colorado being the "home state" of the children.

We recognize that this might be an instance in which the trial court could have exercised jurisdiction under § 14–13–104(1)(b), C.R.S. (1987 Repl.Vol. 6B) of the UCCJA, which allows the court to act if one of the contestants has a "significant connection" with this state and if there is substantial evidence in this state with respect to the children's "present or future care, protection, training, and personal relationships," so as to make it in the "best interests" of the children for the courts of this state to assume jurisdiction. However, exercise of jurisdiction on this basis requires the court to make findings of fact which it was not requested to and did not make.

■ Further, and of dispositive significance, wife's petition for custody here was filed after husband's custody petition was filed in Virginia. And, wife has made no claim that Virginia did not have jurisdiction over the controversy or that the Virginia court was not acting substantially in accordance with its version of the UCCJA. Hence, under § 14–13–107, C.R.S. (1987 Repl.Vol. 6B) of the UCCJA, the trial court here could not assert its jurisdiction, "unless the proceeding [in Virginia] is stayed by the court of [Virginia] because [Colorado] is a more appropriate forum...." *See G.B. v. Arapahoe County Court,* 890 P.2d 1153 (Colo. 1995) (where California proceedings were pending, county court of this state could not exercise jurisdiction under Colorado's Domestic Abuse Act); *L.G. v. People in the Interest of K.G.,* 890 P.2d 647 (Colo.1995) (courts of this state may act upon dependency and neglect petition filed by department of social services if court in which motion to modify custody is pending fails to act in accordance with UCCJA).

While there were some communications here between the judges in the two states pursuant to § 14–13–107(3), C.R.S. (1987 Repl.Vol. 6B) of the UCCJA, the Colorado court independently determined that it was going to assert jurisdiction under wife's petition for dissolution, which had been filed first in time. There was, therefore, no consensus reached as to which was the more appropriate forum to adjudicate the custody issue. Indeed, the Virginia court has never been

given an opportunity to consider whether it should address this issue or whether the best interests of the children require that it defer jurisdiction to the courts of this state. Its stay order was entered because of the "first in time" rule of § 14–13–107(1), C.R.S. (1987 Repl.Vol. 6B), and the Colorado court's erroneous assertion of jurisdiction over wife's petition for dissolution.

During the pendency of this appeal, the Court of Appeals of Virginia has specifically declined to address the question of the jurisdiction of the Virginia courts while that issue is pending before the Colorado appellate courts. In doing so, it suggested that the Virginia trial court declined to exercise its jurisdiction because Virginia was an inconvenient forum. However, while the Virginia trial court's order which has been presented to us makes reference to Colorado being the "home state" of the children, the basis for its stay order was Colorado's assertion of jurisdiction under the "first in time" rule. Its order does not contain a finding that Colorado is the more appropriate forum under § 14–13–107(1) of the UCCJA. Indeed, in a later order, the Virginia trial court expressed "reservations concerning the propriety of the Colorado court's assertion of custody jurisdiction in this dispute."

Under these circumstances, therefore, the present custody and visitation orders entered by the trial court must be vacated and the cause remanded to the trial court with directions to communicate with the Virginia court pursuant to § 14–13–107(3) and to ask the Virginia court to make a determination under § 14–13–107(1) whether it should defer its jurisdiction to Colorado and stay its proceedings with reference thereto. If the Virginia court enters such a stay, the trial court should proceed to determine whether it may assert jurisdiction over the custody and visitation issues under § 14–13–104(1)(b) and approve or reject the parties' stipulation. If the Virginia court declines to defer to the Colorado court's jurisdiction, the trial court should take no further action with respect to those issues.

## III.

Husband also contends that the trial court erred in approving the magistrate's require-

ment for him to pay a portion of the fee for the guardian ad litem. We disagree.

Husband and wife entered into a separate stipulation, requesting the appointment of a guardian and agreeing that:

> [T]he Court shall determine the reasonableness, necessity, and ultimate allocation of all of the Guardian ad Litem's fees and costs at the hearing for permanent custody/parenting time. . . .

This stipulation contained no reservations or conditions with respect to the court's jurisdiction. A court order was entered approving this stipulation.

Pursuant to a further stipulation, the fee hearing was held before a magistrate, who ordered that the fees be allocated between the parties on the basis of their respective incomes. That order was approved.

■ The court's award of fees here was not based upon its erroneous assertion of jurisdiction over the underlying dispute with respect to the issue of custody. While it is true that that underlying dispute and the court's assertion of jurisdiction over it was the cause of the appointment of a guardian ad litem, husband's stipulation, entered into in Colorado, constituted an enforceable promise made by him. And, husband's obligation to perform that promise was absolute; unlike his stipulation with respect to custody and visitation, his obligation was not made conditional upon the ultimate determination that the court's exercise of jurisdiction was proper.

Given these circumstances, we conclude that the trial court had jurisdiction to enforce husband's voluntary agreement to pay such portion of the guardian's fees as the court might determine to allocate to him.

## B.

Husband also contends that, because the issue of the award of guardian ad litem fees was raised during the dissolution proceedings in the Virginia court, wife is precluded from relitigating it now. We disagree.

The doctrine of *res judicata* bars the relitigation of claims which were decided, or could have been decided, in previous litigation between the same parties or their privies. *Michaelson v. Michaelson,* 884 P.2d 695 (Colo.1994).

At the property settlement hearing, the Virginia court stated: "I will deny each party's request for attorneys' fees. There are sufficient funds for each of you to pay your own attorneys' fees." In addition, the Virginia decree says only that: "each party shall be responsible for the debts and obligations each has respectively incurred since October 8, 1991, including, without limitation, attorneys' fees and costs."

This decree did not decide "the reasonableness, necessity, and ultimate allocation of" the guardian's fee. Nor does the record demonstrate that the Virginia court received evidence which would have enabled it to make such determinations. Hence, its orders do not bar the Colorado court's enforcement of the parties' stipulation.

## IV.

Husband finally complains of the trial court's order denying his request for attorney fees incurred in his defense of this action, as authorized by § 13–17–102, C.R.S. (1987 Repl.Vol. 6A). We conclude that the present record is insufficient to allow us to determine this issue, and we shall remand the cause for further proceedings.

Our review of the record convinces us that the question whether a dissolution petition filed under the UDMA, but over which the court lacks jurisdiction, grants to the court jurisdiction under UCCJA to determine issues of custody and visitation was a matter of first impression in this state. Hence, an award of fees to husband for his litigation of the custody issue itself would not be justified.

On the other hand, the trial court determined that it was "very clear" and "without question" that wife was not a Colorado resident at the time of the institution of this action and that she had not been such a resident for the required 90 days prior to the date the petition for dissolution was filed.

Such findings could be considered to be a determination that wife's original request for dissolution and related ancillary relief (except the request for custody) "lacked substantial justification" within the meaning of § 13–17–102(4), C.R.S. (1987 Repl.Vol. 6A). Yet, the trial court refused husband's request for an award of attorney fees without detailing its reasons for such denial. *See In re Marriage of Noon,* 735 P.2d 884 (Colo.App. 1986).

Under § 13–17–102(4), if a court determines that "any part" of an action is pursued without substantial justification, the court "shall" award fees against either the party, the attorney, or both, who is responsible for instituting that part of the action. If the party proceeded without substantial justification, then the court lacks discretion to decline to award fees. *Montrose Valley Funeral Home, Inc. v. Crippin,* 835 P.2d 596 (Colo.App.1992).

Further, the fact that the court may lack jurisdiction to determine the merits of the cause does not prevent it from imposing sanctions upon those appearing before it who have engaged in improper conduct. *Brown v. Amen,* 147 Colo. 468, 364 P.2d 735 (1961).

We conclude, therefore, that the question of the award of attorney fees to husband for his efforts in obtaining dismissal of substantially all of the requests contained in wife's dissolution petition must be reconsidered by the trial court in further proceedings before it, including an evidentiary hearing if such is deemed appropriate.

The trial court's order directing husband to pay a portion of the guardian ad litem's fees is affirmed. In all other respects, the orders and judgment of the trial court are reversed, and the cause is remanded to it for further proceedings consistent with the views set forth in this opinion.

BRIGGS and ROY, JJ., concur.