The sole issue presented in this appeal is whether an Alabama circuit court or a Virginia domestic court properly exercised jurisdiction over the parties' child pursuant to § 30-3B-101
et seq., Ala. Code 1975, Alabama's version of the Uniform Child Custody Jurisdiction Enforcement Act ("the UCCJEA").
Kelly Elizabeth Stulce ("the mother") and John Roger Stulce ("the father") were married in Virginia on June 13, 1999; following the marriage, the parties moved to Alabama when the father accepted a teaching position at Jacksonville University. One daughter, R.M.S. ("the child"), was born to the parties; the child was three years old at the time the parties' divorce judgment was entered by an Alabama circuit court. In April 2003, 20 days after the birth of the parties' child, the mother left the marital residence with the child and moved back to Virginia, where many of the mother's relatives still lived. The mother never returned to Alabama.
On October 29, 2003, six months and one day after moving to Virginia, the mother filed a complaint in a Virginia domestic court seeking, among other things, a divorce from the father and custody of the child. However, earlier that same month, the father had filed a complaint in the Calhoun Circuit Court seeking similar relief. On November 12, 2003, the mother filed an objection to the Alabama circuit court's jurisdiction over the parties and the child. In that filing, the mother notified the Alabama court of the pending action in Virginia and the fact that the Virginia court had not refused jurisdiction; in that pleading, the mother also requested that the Alabama court dismiss the father's divorce action. *Page 174 
In January 2004, the Alabama court held a hearing on the mother's motion and denied the motion to dismiss, asserting that the Alabama court had jurisdiction over the parties and the child. However, on February 27, 2004, the Virginia court made a determination that it was the home state of the child; therefore, that court opined that it was the proper forum for determining custody and visitation issues.
Following numerous delays and an ore tenus proceeding at which the mother's attorney appeared solely for the purpose of objecting to the Alabama court's exercise of jurisdiction, the Alabama court entered a judgment divorcing the parties on May 6, 2006. In that judgment, the court awarded the mother primary physical custody of the parties' child, awarded the father extended visitation, and ordered the father to pay child support. The court specifically deviated from the Alabama child-support guidelines and reduced the father's monthly child-support obligation by $100 to help defray his visitation costs. The court also divided the marital assets and debts between the parties. The mother filed a timely appeal challenging only the custody portion of the judgment.
The mother contends that the Alabama court did not have jurisdiction pursuant to the UCCJEA to enter a custody order regarding the parties' child. The UCCJEA sets forth the criteria for deciding which state's courts will have jurisdiction to make a child-custody determination. Section 30-3B-201, Ala. Code 1975, provides the following:
 "(a) Except as otherwise provided in Section 30-3B-204, a court of this state has jurisdiction to make an initial custody determination only
if:
 "(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
 "(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, and:
 "a. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
 "b. Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
 "(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208; or
 "(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).
 "(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
 "(c) Physical presence of a child is not necessary or sufficient to make a child custody determination."
(Emphasis added.)[1]
The crux of the problem in this case is the apparent conflict between subsections *Page 175 
(a)(1) and (a)(2) of § 30-3B-201. The record in this case clearly indicates that Alabama, not Virginia, was the home state of the child at the time the father filed his complaint seeking a divorce and child custody. See § 30-3B-201(a)(1), Ala. Code 1975.[2] However, by the time the mother filed her divorce complaint, the necessary six-month residency period as to the mother and the child in Virginia had elapsed. Thus, the dispositive question is which state properly gained jurisdiction over the parties and the child for purposes of entering a divorce judgment and awarding custody of the child.
Pursuant to Va. Code Ann. § 20-146.12(A)(2) (Virginia's nearly identical version of § 30-3B-201(a)(2), Ala. Code 1975), the Virginia court in this case could properly make an initial custody determination only if (1) the home state (Alabama) had declined to exercise jurisdiction, (2) the child and at least one parent had significant connections with Virginia, and (3) substantial evidence concerning the child's care, protection, training, and personal relationships were available for the Virginia court's review. In this case, however, the Alabama court refused to relinquish jurisdiction to the Virginia court, citing Alabama's status as the home state of the child; thus, we conclude that the Virginia court did not acquire jurisdiction over the parties pursuant to its own version of the UCCJEA.
The mother contends, however, that § 30-3B-206(b) required the Alabama court to dismiss the father's action and to defer jurisdiction to the Virginia court. That provision of the UCCJEA states, in pertinent part:
 "Except as otherwise provided in Section 30-3B-204, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to Section 30-3B-209. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this chapter does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding."
The mother asserts that the Alabama court abused its discretion when it failed to dismiss the father's action pursuant to §30-3B-206(b) because the Virginia court had accepted jurisdiction over the parties and had "jurisdiction substantially in accordance with this chapter." The fatal flaw in that assertion is that the father's complaint was filed in Alabamabefore the mother had established her and the child's six-month residency in Virginia. On these undisputed facts, then, the Virginia court could not have exercised personal jurisdiction over the parties unless the Alabama court found that Virginia was "a more appropriate forum."
Analogous to this situation is the one discussed in I.F.R.v. N.F.B., 825 So.2d 845 (Ala.Civ.App. 2001). In that opinion, this court noted that the child in that case had resided in Alabama for six months preceding the commencement of the custody action *Page 176 
and that at the time of the filing of that action there was no pending action in any other state. 825 So.2d at 850. Similarly, in this case, the Alabama court specifically determined that it was the proper forum because Alabama was the home state of the child when the father initiated his action, which occurred before the mother had established residency in another state under the UCCJEA. Based upon those facts, we conclude that the Alabama court could properly deny the mother's motion to dismiss the father's action despite the fact that the mother had filed a similar action in Virginia immediately after establishing residency in that state. We conclude that because Alabama was the child's home state pursuant to § 30-3B-201(a)(1), the trial court did not err when it determined custody of the child.[3]
Although the appellate courts of Alabama have not been previously presented with exactly this specific statutory question, other states addressing similar jurisdictional conflicts arising under their versions of the UCCJEA have drawn essentially the same conclusions that we do here. See, e.g., Fisher v.Belcher, 269 Mich.App. 247, 713 N.W.2d 6 (2005), and Inre J.S., 175 S.W.3d 526 (Tex.App. 2005).
Additionally, although we conclude that because the father filed a complaint seeking a divorce from the mother and custody of the child during a period when the mother had not established residency in Virginia, he properly invoked the jurisdiction of the child's home state at that time, our conclusion is not meant to preclude any subsequent determination, pursuant to §30-3B-206(b), that another state could be a proper forum for making a subsequent determination regarding child custody and child support. We only conclude that, in this case, the Alabama court did not err when it continued to exercise jurisdiction over the parties after its jurisdiction was properly invoked pursuant to § 30-3B-201(a).
The father's motion for an award of damages and fees pursuant to Rule 38, Ala. R.App. P., is denied.
AFFIRMED.
CRAWLEY, P.J., and THOMPSON, J, concur.
MURDOCK, J., concurs in the result, with writing.
BRYAN, J., concurs in the result, without writing.
[1] For a discussion of similar provisions in the Uniform Child Custody Jurisdiction Act, the predecessor of the UCCJEA, seeKrier v. Krier. 676 So.2d 1335 (Ala.Civ.App. 1996).
[2] Alabama was the home state of the child within six months before the commencement of the proceeding; the child was absent from this state, but a parent was still residing in Alabama at the time the action was filed.
[3] For a discussion of the proper application of similar jurisdictional provisions of the Parental Kidnapping Prevention Act, see Patrick v. Williams, 952 So.2d 1131
(Ala.Civ.App. 2006).