THOMPSON, Presiding Judge.
Leslie Marie Pierce (“the mother”) filed a petition for a writ of mandamus regarding an order of the Madison Circuit Court (hereinafter “the trial court”) in which the trial court determined it had jurisdiction over a child-custody dispute between the mother and Ryan Buck Pierce (“the father”). The pertinent facts of this matter are undisputed.
The mother and the father were married on April 14, 2007. The parties resided in California until September 2007, when they moved to Alabama. A child was born to the parties on August 12, 2008.
On April 24, 2009, the mother and the child moved to Durango, Colorado, in order to live closer to the mother’s family. The father remained in Alabama for several months after the mother and the child moved to Colorado. The father visited the mother and the child in Colorado for two days in May 2009. In the underlying action, which was filed by the father in August 2009, the parties initially disputed whether the father had moved, albeit temporarily, to Colorado in July 2009, and the trial court received ore tenus evidence on the issue whether it had jurisdiction to consider the parties’ child-custody dispute. In a September 28, 2009, “pendente lite” order that is discussed more thoroughly later in this opinion, the trial court found that the father had left Alabama on July 24, 2009, with the intention of moving to Colorado. The father arrived in Colorado on July 26, 2009, but he had to return to Alabama on July 30, 2009, because of a medical emergency.[1] The father has remained in Alabama since that time.
On August 4, 2009, the mother filed in the District Court of La Plata County, Colorado (hereinafter “the Colorado court”), an action seeking a divorce from the father. In her divorce complaint, the mother asked the Colorado court to “enter orders regarding the status of the marriage; best interest of the child; orders for child support; division of property and debts; and any other necessary orders.” Although the materials submitted to this court do not indicate that the mother expressly sought an award of custody of the parties’ child, under Colorado law the divorce complaint was sufficient to assert a claim for custody of the child in the Colorado court. See In re Marriage of Barnes, 907 P.2d 679, 682 (Colo.Ct.App.1995) (“Section 14-10-123, C.R.S. (1987 Repl.Vol. 6B) of the [Uniform Dissolution of Marriage Act] provides that a parent may commence a ‘child custody proceeding' under that act either by filing a petition for dissolution [of the marriage] or by filing a petition seek *449 ing custody of the child.”). We further note that the parties, the trial court, and the Colorado court all treated the mother’s divorce complaint as asserting a claim seeking an award of custody of the child.
On August 20, 2009, the father filed in the trial court a complaint seeking a divorce from the mother and asserting a separate claim for custody of the parties’ child. In seeking an award of custody, the father alleged that the trial court, rather than the Colorado court, had jurisdiction over the custody issue pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (“UCCJEA”), § 30-3B-101 et seq., Ala.Code 1975. We note that both Alabama and Colorado have adopted the UCCJEA, see § 30-3B-101 et seq., Ala.Code 1975, and § 14-13-101 et seq., Colo.Rev.Stat. (2009). The pertinent sections of Colorado’s version of the UCCJEA are substantially the same as those adopted by Alabama.
The mother moved to dismiss the father’s divorce complaint, arguing that the trial court lacked subject-matter jurisdiction over the action. The mother also filed in the trial court a separate motion to dismiss that part of the father’s divorce complaint seeking an award of custody of the child. In support of that motion to dismiss, the mother argued that, under the UCCJEA, the Colorado court had jurisdiction over the parties’ custody dispute.
The trial court conducted an ore tenus hearing and received evidence concerning the issue of which court had jurisdiction over the custody dispute. Thereafter, on September 23, 2009, the trial court entered its “pendente lite” order in which it, among other things, determined that it lacked subject-matter jurisdiction over the father’s divorce action but that, based on the facts presented to it at that time, it had subject-matter jurisdiction over the custody dispute. As part of its September 23, 2009, order, the trial court ordered the parties to arrange a telephone conference to allow the parties, the trial court, and the Colorado court to discuss the issues pertaining to jurisdiction over the custody dispute. On October 7, 2009, after that telephone conference, the trial court entered an order in which it, among other things, assumed jurisdiction over the parties’ custody dispute. The mother timely filed a petition for a writ of mandamus challenging that part of the trial court’s October 7, 2009, order in which it determined it had jurisdiction to consider the custody issue.
With regard to reviewing an order pursuant to a petition for a writ of mandamus, our supreme court has stated:
“This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court’s jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala.1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So.2d 704, 706 (Ala.1987).”
Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000).
The mother contends that the trial court did not have jurisdiction over the parties’ claims seeking an initial custody determination. The UCCJEA provision governing jurisdiction over initial child-custody determinations states:
*450 “(a) Except as otherwise provided in Section 30-BB-204, a court of this state has jurisdiction to make an initial child custody determination only if:
“(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
“(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, and:
“a. The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
“b. Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships;
“(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208; or
“(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).
“(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
“(c) Physical presence of a child is not necessary or sufficient to make a child custody determination.”
§ 30-3B-201, Ala.Code 1975 (emphasis added); see also § 14-13-201, Colo.Rev. Stat. (2009).
The term “home state” is defined under the UCCJEA as follows:
“Home State. The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the ease of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of the child or any of the mentioned persons is part of the period.”
§ 30-3B-102(7), Ala.Code 1975; see also § 14-13-203, Colo.Rev.Stat. (2009) (setting forth an almost identical definition of “home state”).
In this case, the mother initiated her divorce action in Colorado approximately two weeks before the father filed, in the trial court, his complaint seeking a divorce and custody of the child. Therefore, the portion of the UCCJEA pertaining to the existence of simultaneous custody proceedings was also implicated in this case. That section provides, in pertinent part:
“(a) Except as otherwise provided in Section 30-3B-204, a court of this state may not exercise its jurisdiction under this article if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state *451 is a more convenient forum under Section 30-3B-207.
“(b) Except as otherwise provided in Section 30-3B-204, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to Section 30-3B-209. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this chapter does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.”
§ 30-3B-206, Ala.Code 1975.
Under § 30-3B-206, if the Colorado court had jurisdiction to make an initial custody determination pursuant to the UC-CJEA, the Alabama trial court would be required to dismiss the father’s custody claim. Accordingly, to resolve the issue of jurisdiction over the custody dispute, the trial court conducted a telephone conference with the Colorado court and the attorneys for the parties. See § 30-3B-206(b), Ala.Code 1975 (requiring that the courts in which simultaneous custody proceedings are pending communicate to resolve the issue of jurisdiction).
During that telephone conference, the Alabama trial judge and the Colorado judge agreed that the question to be determined was whether the Colorado court had “jurisdiction substantially in conformity” with the provisions of the UCCJEA. See § 30-3B-206(a). The two trial judges agreed that if the Colorado court could claim jurisdiction to enter an initial custody determination under § 14-13-201(l)(a), Colo.Rev.Stat. (2009), the counterpart to § 30-3B-201(a)(1), Ala.Code 1975, the Colorado court would be the proper court to resolve the custody issue by virtue of the mother’s having first filed a complaint seeking a divorce and custody in that court. See § 30-3B-206, Ala.Code 1975.
Although the Colorado judge did not expressly state that he believed that the Colorado court did not have jurisdiction substantially in compliance with the UC-CJEA, he indicated that he could not discern from the Colorado version of the UC-CJEA that, given the facts of this case, the Colorado court had jurisdiction to make an initial child-custody determination. The Colorado judge then stated that he would defer to the Alabama trial court on the issue of which state was the more convenient forum to resolve the parties’ custody dispute. We interpret the comments of the Colorado judge, as well as the entirety of the transcript of the telephone conference, as a determination by the Colorado court that it did not have jurisdiction “substantially in conformity” with the UC-CJEA to allow it to make an initial custody determination based on “home state” jurisdiction.
The mother does not contend that the Colorado court could exercise jurisdiction under a “home state” theory. Thus, she does not contend that Colorado could exercise jurisdiction under § 14-13-201(1)(a), Colo.Rev.Stat. (2009), the counterpart to § 30-3B-201(a)(1). Rather, the mother disputes that the Alabama trial court could properly exercise jurisdiction under the “home state” provision of § 30-3B-201(a)(1), quoted above, to make an initial custody determination in this matter. Thus, the mother contends that the Colorado court has jurisdiction by virtue of § 14 — 13—201(1)(b) or (d), Colo.Rev.Stat. (2009), which mirrors § 30-3B-201(a)(2) and (4), quoted above. In other words, the *452 mother argues that the Colorado court has jurisdiction over the custody dispute by virtue of what she contends is a lack of “home state” jurisdiction in Alabama.
It is undisputed that the child had lived in Alabama from August 2008 through April 2009, or approximately nine months. On April 24, 2009, the mother and the child left Alabama and moved to Colorado. The mother filed her complaint for a divorce in the Colorado court on August 4, 2009, approximately three and a half months after she and the child moved to Colorado. Therefore, it is clear that the child had not lived in either Colorado or Alabama for the entire six months “immediately before the commencement” of either of the parents’ divorce complaints. See § 30-813-102(7), Ala.Code 1975, and § 14-13-203(7), Colo.Rev.Stat. (2009) (specifying that the definition of “home state” in those sections requires that the child have lived in the state with a parent for six months “immediately before the commencement of a child custody proceeding” (emphasis added)). Under the UCCJEA, at the time of the commencement of the parties’ divorce actions and custody claims, neither Alabama nor Colorado constituted the child’s home state as that term is defined under § 30-3B-102(7), Ala.Code 1975, or § 14-13-203(7), Colo.Rev.Stat. (2009).
However, § 30-3B-201(a)(l) provides that an Alabama trial court has jurisdiction to make an initial custody determination if Alabama is the child’s home state or if it “was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent ... continues to live in this state.” The parties do not dispute that Alabama was the child’s home state within the six months before the commencement of the father’s action seeking a divorce and custody,[2] nor do they dispute that the child was absent from Alabama when the father initiated his claim seeking custody of the child.
Rather, in arguing that the trial court had improperly determined it could exercise jurisdiction under § 30-3B-201(a)(l), the mother contends that the father did not “continue[ ] to live” in Alabama. Specifically, the mother maintains that because the father moved, albeit temporarily, to Colorado, he did not “continue[ ] to live” in Alabama so as to vest jurisdiction in the trial court to make an initial custody determination under the UCCJEA. In support of that argument, the mother points out that in its September 23, 2009, “pendente lite” order, the trial court found that the father had moved from Alabama and had changed his residence from Alabama to Colorado. In that September 23, 2009, order, the trial court determined that the father had relocated to Colorado and, as a result, that the father's residency in Alabama for the purposes of initiating a divorce action pursuant to § 30-2-5, Ala. Code 1975, did not resume, or start, until July 30, 2009.[3] The mother argues that *453 the trial court’s finding that the father changed his residence for the purposes of initiating a divorce action also prevents the trial court from exercising jurisdiction over the custody dispute under the part of § 30-8B-201(a)(l) requiring, among other things, that a parent “continue[ ] to live” in Alabama.
In asserting her arguments, the mother advocates an interpretation of the term “continues to live” that would equate it to the terms “residency” or “domicile,” as those terms have been interpreted by the courts in various situations. The specific authority cited by the mother interprets the residency requirements for jurisdiction over a divorce action filed pursuant to § 30-2-5, Ala.Code 1975. See Ex parte Ferguson, 15 So.3d 520 (Ala.Civ.App.2008); and Livermore v. Livermore, 822 So.2d 437 (Ala.Civ.App.2001). However, those authorities demonstrate that if the defending party is a “nonresident,” the party who filed the divorce action is required to be a “bona fide resident” of Alabama in order that an Alabama trial court obtain jurisdiction over the “marital res.” Ex parte Ferguson, 15 So.3d at 521-22; Livermore v. Livermore, 822 So.2d at 442. In both of those cases, the courts stated that for the purposes of § 30-2-5 residency is the same thing as domicile and that domicile requires physical presence in a place and an intent to remain in that place or return to it if one is absent from it. Ex parte Ferguson, 15 So.3d at 522; Livermore v. Livermore, 822 So.2d at 442.
The mother also cites In re Marriage of Barnes, supra, in which the parties, who had lived in Colorado during their marriage, moved to Virginia. After living in Virginia for five weeks, the wife returned to Colorado and filed a complaint seeking a divorce and custody of the parties’ children. The case involved a provision of the former Uniform Child Custody Jurisdiction Act (“UCCJA”) similar to the provision at issue in § 30-3B-201(a)(l), Ala. Code 1975. In that case, the Colorado Court of Appeals treated the phrase “continues to live” under the former UCCJA as equivalent to “residency,” and it held that because the parties had become residents of Virginia the Colorado court lacked jurisdiction over the wife’s custody claim. In re Marriage of Barnes, supra.
The mother contends, and our research verifies, that no Alabama case *454 has construed the phrase “continues to live” in § 30-3B-201(a)(1), Ala.Code 1975. The mother points out that in Stulce v. Stulce, 961 So.2d 173, 175 n. 2 (Ala.Civ.App.2007), this court, in resolving a dispute involving the priority of two simultaneous custody proceedings in separate states, equated the term “continues to live” with “still residing in Alabama.” However, the court did so in dicta in a footnote, and the interpretation of the phrase “continues to live” was not before this court in that case. Accordingly, because in Stulce v. Stulce, supra, the dispute was not over the issue of the child’s home state under the portion of § 30-3b-201(a)(l) at issue in this appeal, we are unwilling, without any further inquiry, to be bound by that authority.
“ ‘Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’ ”
Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d 293, 296 (Ala.1998) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)).
“When interpreting a statute, this Court must read the statute as a whole because statutory language depends on context; we will presume that the Legislature knew the meaning of the words it used when it enacted the statute. Ex parte Jackson, 614 So.2d 405, 406-07 (Ala.1993). Additionally, when a term is not defined in a statute, the commonly accepted definition of the term should be applied. Republic Steel Corp. v. Horn, 268 Ala. 279, 281, 105 So.2d 446, 447 (1958).”
Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue, 855 So.2d 513, 517 (Ala.2003) (emphasis added).
The mother asks this court to interpret the phrase “continues to live” as not allowing for the father’s temporary move to Colorado; she advocates a construction of the phrase that would equate “continues to live” with the terms “residence” or “domicile,” as those terms are used in determining jurisdiction over a divorce and the marital res under § 30-2-1 et seq., Ala. Code 1975. In determining the requirements for jurisdiction to make an initial custody determination under the UC-CJEA, however, our legislature did not require that parent be a “resident” of this state. It is clear, however, that the legislature was aware of the term “resident,” because that term is used in other parts of the UCCJEA. See § 30-3B-205(a), Ala. Code 1975 (notice must be provided to all persons “entitled to notice under the law of this state as in child custody proceedings between residents of this state”); see also § 30-3B-202(a)(2), Ala.Code 1975 (stating that a court has continuing jurisdiction under the UCCJEA until, among other things, a court determines a child and the child’s parents “do not presently reside” in Aabama); and § 30-3B-203(2), Ala.Code 1975 (a factor in determining whether this court may modify a custody order entered by another state is whether the child and the child’s parents “do not presently reside” in Aabama).[4] We must presume *455 that the legislature knew the definition of the term “resident” as that term is used in determining jurisdiction over a divorce and the marital res. See Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d at 297 (“It is a familiar principle of statutory interpretation that the Legislature, in enacting new legislation, is presumed to know the existing law.”). We conclude that the legislature’s decision not to use the term “resident” in place of “continues to live” in § 30-3B-201(a)(1), Ala.Code 1975, indicates the legislature’s intention that the phrase “continues to live” not be afforded the same interpretation as “resident.” See McCullar v. Universal Underwriters Life Ins. Co., 687 So.2d 156, 174 (Ala.1996) (“ ‘[Wjhere there is a “material alteration in the language used in the different clauses, it is to be inferred” that the alterations were not inadvertent.’ ”).
In enacting § 30—3B—201(a)(1), the Alabama legislature used the specific phrase “continues to live.” The father’s move to Colorado, while affecting a determination of his residence or domicile for purposes of § 30-2-5, Ala.Code 1975, does not necessarily have the same impact on a determination whether the father “continuefd] to live” in Alabama for the purposes of § 30-3B-201(a)(1), Ala.Code 1975. In this case, the father has lived in Alabama since September 2007, with the exception of approximately one week in which he went to Colorado. Although the father intended to remain in Colorado, he did not do so. Instead, the father returned to Alabama within a week and has remained in Alabama since that time. Although the father’s intent to remain in Colorado is relevant to a determination of his residence or domicile, we are not convinced that, in this case, the intent to move to Colorado was relevant to the determination whether the father “continues to live” in Alabama. “We think it significant that the Legislature chose the word ‘live[ ]’ as opposed to ‘reside[ ]’ or ‘... domieile[ ].’ The test for ‘residence’ or ‘domicile’ typically involves an inquiry into a person’s intent.” Powell v. Stover, 165 S.W.3d 322, 326 (Tex.2005).
It is clear, however, that the family had lived in Alabama from September 2007 until April 2009, and that, with the exception of the week in July 2009 giving rise to this issue, the father has continued to live in Alabama. We cannot say, given the’ specific facts of this case, that the trial court “clearly abused its discretion” in determining that it had jurisdiction pursuant to § 30-3B-201 (a)(1), Ala.Code 1975, over the parties’ custody dispute.[5] Ex parte Flint Constr. Co., 775 So.2d at 808.
Although the mother filed her action seeking a divorce in the Colorado court before the father filed his action in Alabama, we must disagree with the mother’s argument that the Colorado court should be the forum to determine whether Alabama or Colorado is the more convenient or appropriate forum in which to resolve the parties’ custody dispute. As we have already stated, under the facts of this case, the Colorado court could exercise jurisdiction under its counterpart to § 30-3B-201(b) only if Alabama did not have jurisdiction under § 30-3B-201(a)(l), Ala.Code 1975, or if Alabama declined to exercise jurisdiction. § 14—13—201(b), Colo.Rev.Stat. (2009).[6] During the telephone conference, *456 both the trial court and the Colorado court recognized that fact.
Given the specific facts of this case, this court affirms the trial court’s determination that, pursuant to § 30-3B-201 (a)(1), it had jurisdiction to make an initial custody determination. Although it determined it had jurisdiction under § 30-3B-201(a)(1), Ala.Code 1975, the trial court could have declined to exercise jurisdiction over the parties’ custody claims on the basis that Colorado was a more convenient or appropriate forum in which to litigate the custody dispute. See § 30-3B-207(a), Ala.Code 1975.
The trial court, in its October 7, 2009, order, considered the factors set forth in § 30-3B-207 pertaining to the convenience of the respective forums. The trial court concluded:
“This Court does not find that the handling of this case by the Alabama court is any more inconvenient to the [mother] than would be the inconvenience to the [father] if the issues in this case were to be handled in the State of Colorado. As a result, this Court assumes jurisdiction of said issues.”
The mother has not asserted any argument that the trial court erred in reaching that factual determination. Accordingly, any such argument is deemed to have been waived. Ex parte Simpson, 36 So.3d 15, 25 (Ala.2009).
PETITION DENIED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., dissents, with writing.

. The materials submitted to this court reveal that in June 2009 the father developed a medical condition that required surgery on one of his eyes. In July 2009, one of the father’s retinas detached, and he returned to Alabama for further treatment of that condition.

. The trial court noted during the telephone conference that the parties "agreed” that Alabama was the child’s home state. However, given the nature of the parties’ claims, their arguments asserted during the telephone conference, and the trial court’s and the Colorado court’s treatment of the parties’ arguments, we conclude that a better explanation of the parties’ agreement was that Alabama had been the child's home state "within six months before the commencement” of the father’s action in the trial court. See § 30-3B—201(a)(1), Ala.Code 1975, and § 14-13-201(1)(a), Colo.Rev.Stat. (2009).

. The trial court's specific findings in the September 23, 2009, order read as follows:
"This Court does find from the evidence, however, that it lacks subject-matter jurisdiction to enter a divorce between the parties based upon the Complaint for Divorce having been filed by the [father], without his satisfying the residency requirement of *453 six months as set forth in § 30-2-5, Code of Alabama (1975). This Court finds from the evidence presented at said hearing that the [father] moved from the State of Alabama on July 24, 2009, with his car packed full of belongings and the parties’ two family cats; arriving in the State of Colorado on July 26, 2009, having rented a room for a month at an extended-stay motel; that he intended to find a more permanent place to live, find a job, go to marriage counseling with his wife in an effort to reconcile the parties’ marriage; and then move into a more permanent residence, such as an apartment, with his wife and child as a family. Even though he was required to leave the State of Colorado on July 30, 2009, because of a medical emergency relating to his eyes, he informed the [mother], when he left that he would be back. His relocation to the State of Colorado resulted in his residency in the State of Alabama, for the purposes of § 30-2-5, Code of Alabama (1975), not starting until July 30, 2009. As a result, he had not been a bona fide resident of the State of Alabama for six months prior to the filing of this case by him. As to the request made by the [father], for this Court to enter a [judgment] divorcing the parties, the Motion to Dismiss Divorce Complaint filed by the [mother] is granted. However, the remaining claims for relief set forth in the Complaint for Divorce filed by the [father] shall remain pending before this Court, until further order.”
We also note that this court has not been asked to rule on the propriety of the trial court’s determination that it lacked jurisdiction pursuant to § 30-2-5, Ala.Code 1975, over the dissolution of the marriage and the marital res.

. "Consistent with the holdings in Ex parte Ferguson, supra, and Livermore v. Livermore, supra, Black's Law Dictionary defines the term "reside” as meaning: "[to l]ive, dwell, abide, sojourn, stay, remain, lodge.... To settle oneself or a thing in a place, to be stationed, to remain or stay, to dwell permanently or continuously, to have a settled abode for *455 a time, to have one’s residence or domicile ....” Black's Law Dictionary 1308 (6th ed.1990).

. As already indicated, we have confined this opinion to the specific facts of this case. The interpretation of the main opinion set forth in the last paragraph of the dissent is not the holding of the court.

. The relevant portions of the Colorado UC-CJEA provision read, in pertinent part:
*456 "(1) Except as otherwise provided in section 14-13-204, a court of this state has jurisdiction to make an initial child-custody determination only if:
“(a) This state is the home state of the child on the date of the commencement of the proceeding, or was tire home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
“(b) A court of another state does not have jurisdiction under a provision of law adopted by that state that is in substantial conformity with paragraph (a) of this subsection (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under a provision of law adopted by that state that is in substantial conformity with section 14-13-207 or 14-13-208, and:
"(I) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
"(II) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.”
§ 14-13-201(1), Colo.Rev.Stat. (2009).